IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| INSTITUTE FOR LEGISLATIVE ANALYSIS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   Civil Action No. 1:24-cv-2254 (RDA/LRV) ) |
| MERCEDES SCHLAPP, | ) ) |
| Defendant. | ) ) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Plaintiff Institute for Legislative Analysis' ("ILA") Motion to Remand to State Court. Dkt. 3 (the "Motion"). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with the Memorandum in Support (Dkt. 4), Defendant's Opposition (Dkt. 14), and Plaintiff's Reply (Dkt. 16), the Court GRANTS IN PART and DENIES IN PART the Motion for the reasons that follow.

I. BACKGROUND

A. Factual Background

Plaintiff in this action is the Institute for Legislative Analysis ("ILA"), Dkt. 1-1 at 3, and is a corporation organized and existing under the laws of the District of Columbia, with its principal place of business in the District of Columbia. *Id.* Plaintiff brought this suit against Defendant Mercedes Schlapp, an employee of the American Conservative Union, more commonly known as

1

CPAC. *Id.* at 4-5. Plaintiff alleges that Defendant tortiously interfered with its contractual and business relations and further tortiously interfered with a business expectancy. *Id.* at 6.

Defendant is a natural person who resides in and is domiciled in the City of Alexandria, Virginia. *Id.* at 3. Defendant is the host of an internet-based video show called "CPAC Now: America Uncancelled." *Id.* at 4. Defendant is also employed as a Senior Fellow with a CPAC affiliate, the American Conservative Union Foundation. *Id.* at 5.

Plaintiff asserts that on or about August 1, 2023, Plaintiff entered into an agreement (the "Agreement") with Moms for America Action ("MFAA"), whereby MFAA retained Plaintiff to produce legislative ratings for MFAA. *Id.* at 4. Legislative ratings are tools which provide summaries on how each lawmaker voted, "allowing interested persons and entities to easily comprehend policies that were voted upon and where various lawmakers stand." *Id.* Plaintiff performed satisfactorily under the Agreement, and MFAA accordingly renewed ILA's services under the contract. *Id.*

Plaintiff alleges that on or about August 2024, Defendant contacted MFAA and demanded that MFAA terminate its contract and relationship with ILA on the basis that ILA had stolen and used CPAC's legislative ratings system and technology to create their own ratings system.[1] *Id.* at 5. Plaintiff avers that as a part of Defendant's demand that MFAA terminate its contract with Plaintiff, Defendant urged MFAA to hire CPAC and use its legislative ratings system going forward. *Id.* Plaintiff asserts that Defendant's representations to MFAA were false, and that Defendant knew or shown have known that they were false. *Id.*

---

[1] *See Am. Conservative Union v. Inst. for Legislative Analysis*, No. 1:24-CV-500 (RDA/LRV), 2025 WL 510236 (E.D. Va. Feb. 13, 2025) (discussing the issue of whether ILA misappropriated CPAC's trade secret information to create ILA).

As a result of Defendant's communications with MFAA, MFAA terminated ILA's services under the agreement. *Id.* at 6.

### B. Procedural Background

On November 7, 2024, Plaintiff filed this action in the Circuit Court for the City of Alexandria. Dkt. 1-1 at 3. On December 12, 2024, Defendant removed the Complaint to this District Court on the basis of supplemental jurisdiction. Dkt. 1 at 2-3. On December 16, 2024, Plaintiff filed the instant Motion to Remand to State Court. Dkts. 3, 4. On the same day, Defendant filed a Motion to Dismiss for Failure to State a Claim, or In the Alternative, For a More Definite Statement. Dkts. 7, 8.

On January 3, 2025, Plaintiff filed its memorandum in opposition to Defendant's Motion to Dismiss. Dkt. 13. On January 10, 2025, Defendant filed her opposition to Plaintiff's Motion to Remand. Dkt. 14. On January 10, 2025, Defendant also filed her reply in response to Plaintiff's opposition to her Motion to Dismiss. Dkt. 15. And on January 14, 2025, Plaintiff filed its reply in response to Defendant's opposition to its Motion to Remand. Dkt. 16.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action to a federal district court when the plaintiff could have originally brought the action in federal court. A motion challenging the removal of an action may be premised on either a lack of subject matter jurisdiction or a procedural defect apart from jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Motions to remand premised on a district court's lack of subject matter jurisdiction may be filed at any time, and the burden to establish federal jurisdiction falls on the removing party, with a removing party's jurisdictional allegations strictly construed in favor of remand. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Ultimately

3

a party seeking removal must establish that the district court can exercise original jurisdiction over the plaintiff's claims, which in most cases requires allegations supporting either federal question or diversity jurisdiction[2] under 28 U.S.C. §§ 1331 and 1332, respectively. *Id.* (citing 28 U.S.C. § 1441). However, removal based on diversity of citizenship under 28 U.S.C. § 1332 is additionally limited by 28 U.S.C. § 1441(b)(2), which expressly prohibits removal based on diversity where a defendant is a citizen of the state in which the state court action was brought. *See* 28 U.S.C. § 1441(b)(2).

### III. ANALYSIS

Plaintiff seeks to remand the case in its entirety to state court on the grounds that there was no valid basis for removal and such that this Court lacks subject matter jurisdiction. Dkt. 3 at 1. Plaintiff further asserts that it is entitled to an award of Plaintiff's costs and attorneys' fees in filing the Motion. *Id.* Defendant opposes. Dkt. 14.

#### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland v. Compaigne des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). As such, this Court's jurisdiction is restricted to the categories of cases articulated in Art. III, § 2, cl. 1 and is "further limited to those subjects encompassed within a statutory grant of jurisdiction." *Id.* Congress has conferred on federal courts two primary bases for subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a). As such, this Court will consider whether it has either federal question jurisdiction or diversity jurisdiction over the instant action.

---

[2] A federal district court has diversity jurisdiction when: (1) the amount in controversy exceeds $75,000; and (2) "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

4

1. Federal Question Jurisdiction

The first potential basis for removal to this Court is found under 28 U.S.C. § 1331 for the exercise of federal question jurisdiction. Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Furthermore, "[t]he well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Federal question jurisdiction can be established by showing that federal law creates a cause of action or "the presence of a federal issue in a state-created cause of action." *Merrell Dow*, 478 U.S. at 809-10. The fact that a federal defense may be raised to the plaintiff's action will not generally create federal question jurisdiction. *Caterpillar*, 482 U.S. at 391. Here, Plaintiff merely alleges state-law claims for tortious interference or contract and business expectancy. Dkt. 1-1 at 6-7. Plaintiff does not present any claims that implicate federal law, nor does Defendant allege that any of Plaintiff's claims implicate federal law. *Id.* Accordingly, federal question jurisdiction has not been established in this case.

2. Diversity Jurisdiction

Diversity jurisdiction is established in cases where there is complete diversity of citizenship and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "The complete diversity rule of Section 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant." *Williams Farm P'ship, LLC v. Siegers Seed Co.*, 664 F. Supp. 2d 611, 613 (D.S.C. 2009) (citing *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999)). Here, Plaintiff is organized and has its principal place of business in the District of

Columbia, and Defendant is domiciled in Virginia. Dkt 1-1 at 3. Thus, the parties are diverse. Plaintiff also seeks $300,000 in damages.

There is, however, no basis for removal premised on the diversity of citizenship between the parties in this case due to the exception in 28 U.S.C. § 1441(b)(2). Also known as the "forum defendant" rule, Congress has expressly prohibited removal where a defendant is sued in state court in his or her own state. *See* 28 U.S.C. § 1441(b)(2); *see also Columbia Grp., Inc. v. Logistics Mgmt. Inst.*, 2020 WL 6948801, at *1 n.2 (E.D. Va. May 22, 2020) (referring to the "forum defendant" rule); *Myers v. Air Serv. Corp.*, 2008 WL 149136, at *1 (E.D. Va. Jan. 9, 2008) (same). Defendant is a citizen of Virginia and thus was sued in her home forum. Thus, here the mere existence of a basis for diversity jurisdiction is not enough to establish jurisdiction in this Court, because Congress has declined to include defendants – like Defendant here – sued in their home forum within the scope of diversity jurisdiction.

### B. Supplemental Jurisdiction

The final path to federal jurisdiction available to Defendant, and the path primarily relied upon by Defendant, is supplemental jurisdiction. Pursuant to 18 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [their] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Nevertheless, even if a district court possesses supplemental jurisdiction over such claims, they may still decline to exercise that jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c). A

district court's decision to decline to exercise supplemental jurisdiction is subject to review for abuse of discretion. *Root v. Cnty. of Fairfax*, 371 F. App'x 432, 435 (4th Cir. 2010). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 2010).

In this case, Defendant primarily alleges removal was based not on subject matter jurisdiction *in this* case but based on the supplemental jurisdiction in *another* case, as Defendant contends that this case is related to a pending case before this Court. *See Am. Conservative Union v. Inst. for Legislative Analysis*, No. 1:24-CV-500 (RDA/LRV), 2025 WL 510236 (E.D. Va. Feb. 13, 2025) (hereinafter "the *CPAC* case"). The parties disagree to the extent that this case is related to the *CPAC* case – which is currently pending before this Court.[3] The Court need not resolve this dispute, however, because "supplemental jurisdiction [] is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute." *Schifanelli v. Jourdak*, 2021 WL 100712, at *3 (D. Md. Jan. 12, 2021) (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996)); *see also Loancare, LLC v. Paymap, Inc.*, 2021 WL 12324339, *3 (E.D. Va. Aug. 3, 2021) ("[S]upplemental jurisdiction is not a source of original subject-matter jurisdiction, and a notice of removal may therefore not base subject-matter jurisdiction on supplemental jurisdiction, even if the action the defendant seeks to remove on that basis is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be

---

[3] In that case, the Court dismissed all of the federal claims against ILA and declined to exercise supplemental jurisdiction over the remaining state law claims. *Id.* CPAC amended its complaint and there are currently motions pending in that case related to further amendment and to dismiss.

7

efficient."); *Augustine v. Shooter*, 2016 WL 6476288, *2 (D. Md. Nov. 1, 2016) (holding that "supplemental jurisdiction does not create an independent basis for removal to federal court" (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002))).

Here, there is no independent basis for subject-matter jurisdiction, and supplemental jurisdiction cannot fill the void because it cannot be used to remove this case to federal court. Accordingly, removal on the basis of supplemental jurisdiction is not proper here.

*     *     *

In sum, Defendant has failed to establish a valid basis on which removal of this matter to federal court is proper. Accordingly, this Court will grant Plaintiff's motion to remand this matter to state court.[4]

### D. Plaintiff's Costs and Attorneys' Fees

In their Motion to Remand, Plaintiff further argues that Plaintiff is entitled to an award of costs, expenses and attorneys' fees for bringing the Motion. Dkt. 4 at 10. "An order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (quoting 28 U.S.C. § 1447(c)). "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Id.* "Absent unusual circumstances, courts may award attorneys' fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

---

[4] Though it may be proper for the state court to stay the matter, pending the outcome of the *CPAC* case, such a determination is not within the province of this Court.

Here, Plaintiff argues that Defendant lacked an "objectively reasonable basis for seeking removal of this action." Dkt. 4 at 10. This argument is unconvincing. Defendant believed that she possessed supplemental jurisdiction, sufficient for removal, based on the pending litigation in the *CPAC* case before this Court. Dkt 14 at 3-8. There is nothing to suggest that Defendant removed this case to federal court to waste the Court's time or to delay the case, but rather on a genuine belief that it belonged in federal court. *See Martin*, 546 U.S. at 141 ("[W]hen an objectively reasonable basis [for removal] exists, fees should be denied."). Indeed, Defendant appears to have sought to obtain the obvious efficiencies of having the same Court deciding whether ILA acted improperly vis a vis *CPAC* also decide whether Defendant acted improperly by alleging the same. Although this is not a basis for subject matter jurisdiction in federal court, it is a logical line of thought. Accordingly, this Court will deny Plaintiff's request for costs, expenses and attorneys' fees in this case.

## IV.     CONCLUSION

There is no basis for subject matter jurisdiction in this Court. Thus, the Motion to Remand will be granted. However, Defendant does not appear to have acted in bad faith and therefore an award of fees and costs is unwarranted. Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Remand (Dkt. 3) is GRANTED-in-PART and DENIED-in-PART. The Motion is granted with respect to the case being remanded to the Circuit Court for the City of Alexandria, Virginia. The Motion is denied with respect to Plaintiff's request for costs, expenses and attorneys' fees; and it is

FURTHER ORDERED that this case is REMANDED to the Circuit Court for the City of Alexandria, Virginia; and it is

FURTHER ORDERED that Defendant's Motion to Dismiss (Dkt. 7) is DENIED as MOOT.

The Clerk is directed to forward copies of this Order to counsel of record and to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
April 11, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge